IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-30208
Summary Calendar
_____


BRIAN HULTBERG; MARION HULTBERG, Individually and on behalf of
all others similarly situated

             Plaintiffs-Appellants

v.

STATE OF LOUISIANA; DEPARTMENT OF JUSTICE OF THE STATE OF
LOUISIANA; DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS OF THE
STATE OF LOUISIANA; WASHINGTON CORRECTIONAL INSTITUTE; MICHAEL J
FOSTER, also known as Mike Foster, Governor, State of Louisiana;
RICHARD IEYOUB, Attorney General, State of Louisiana; RICHARD L
STALDER, Secretary, Department of Public Safety and Corrections;
UNIDENTIFIED PARTIES; FRANK FOIL, Judge; KENNETH J FOGG, Judge; J
LEWIS WATKINS, JR, Judge; JOSEPH KEOGH; BOB HESTER, Judge; J
MICHAEL MCDONALD, Judge; RACHEL MORGAN, Commissioner; VISITACION
RAMERIZ, DR; ANGELINE WALKER

             Defendants-Appellees


_____

          Appeal from the United States District Court
             for the Eastern District of Louisiana
                      (97-CV-3577-D)
_____
                      November 18, 1998

Before KING, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Plaintiffs-Appellants, Brian Hultberg and Marion Hultberg

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.


1

(collectively, the Hultbergs), appeal the district court's dismissal of their suit seeking declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2201. For the following reasons, we affirm the decision of the district court.

## I.  BACKGROUND

The Hultbergs' complaint alleges that, in June 1993, while Brian Hultberg was confined as an inmate at the Washington Correctional Institute (WCI), he visited Dr. Visitacion Rameriz (Dr. Rameriz) complaining of a nodule on his testicle. After several complaints and further examinations by Dr. Rameriz, Dr. Rameriz ordered a referral to Charity Hospital in New Orleans (CHNO) for a second opinion. Allegedly, Dr. Rameriz or Nurse Angeline Walker (Nurse Walker) failed to complete the referral to CHNO until January 1994. In March 1994, Brian Hultberg was diagnosed at CHNO with testicular cancer. Brian Hultberg claims damages for the alleged delay in the diagnosis of the cancer caused by the actions or inactions of Dr. Rameriz and/or Nurse Walker. Marion Hultberg (Brian's mother) also claims loss of consortium damages.

Brian Hultberg initiated and exhausted his administrative remedies under the Corrections Administrative Remedy Procedure (ARP), Louisiana's administrative grievance procedure for resolving inmate complaints within the correctional system. See La. Rev. Stat. Ann. §§ 15:1171-77 (West 1992). The final step of his administrative appeal was decided against him on August 17, 1994.

2

The ARP was enacted pursuant to 42 U.S.C. § 1997 et seq., which authorizes states to establish grievance procedures for inmates and allows courts to require exhaustion of those procedures.  The ARP, as amended, is the exclusive remedy available to Louisiana inmates for all grievances, including complaints of medical malpractice and personal injury actions, against the state, the governor, the Louisiana Department of Public Safety and Corrections (DPSC), or any officials or employees thereof.  See Marler v. Petty, 653 So. 2d 1167, 1170-71 (La. 1995).  Under the ARP, an inmate has thirty days from the date of the final administrative decision within which to seek judicial review in the Nineteenth Judicial District Court of the State of Louisiana of an adverse decision by the DPSC. See La. Rev. Stat. Ann. § 15:1177(A).

The Hultbergs did not file suit in the Nineteenth Judicial District Court until September 26, 1994, more than thirty days after the date of the final administrative decision.  Their suit named as defendants the State of Louisiana through the DPSC, Dr. Rameriz, and Nurse Walker, and requested damages to compensate the Hultbergs for the delay in diagnosis of Brian's cancer alleged to be the fault of the defendants.

On September 18, 1995, the Hultbergs were granted leave to file a Supplemental Petition, which sought a declaration that the ARP was "violative of the due process and equal protection clauses of the United States and Louisiana Constitution[s] and under the holding in Moore v. Roemer, 567 So. 2d 75 (La. 1990)."

3

In response, the defendants filed a peremptory exception of failure to seek timely judicial review pursuant to La. Rev. Stat. Ann. § 15:1177(A) on the ground that the suit had been filed more than thirty days after the administrative decision had been rendered.

On August 25, 1997, defendant-appellee, Nineteenth Judicial District Commissioner Rachel P. Morgan (Commissioner Morgan), recommended that the defendants' exception be granted.[1]  On September 22, 1997, defendant-appellee, Nineteenth Judicial District Judge J. Michael McDonald (Judge McDonald), entered judgment in favor of defendants, dismissing the Hultbergs' claims as recommended by Commissioner Morgan.  Judge McDonald did not reach the merits of the Hultbergs' administrative grievance and did not explicitly address the Hultbergs' challenge to the constitutionality of the ARP. The Hultbergs filed an appeal with the Louisiana First Circuit Court of Appeal, challenging the dismissal of their suit and raising the unconstitutionality of the ARP.  This appeal is currently pending.

On November 19, 1997, the Hultbergs filed the present suit on behalf of themselves and a purported class of others similarly situated against the State of Louisiana, the Louisiana Department of Justice (LDJ), the DPSC, the WCI, Governor Michael J. Foster (Governor Foster), Attorney General Richard Ieyoub (Attorney

---

[1]  Under Louisiana law, the Nineteenth Judicial District has two Commissioners who serve a function in connection with inmate litigation similar to that of United States Magistrate Judges in federal court.

4

General Ieyoub), Secretary Richard Stalder (Secretary Stalder), certain judges of the First Circuit Court of Appeal (Frank Foil (Judge Foil), Kenneth J. Fogg (Judge Fogg), and J. Lewis Watkins, Jr. (Judge Watkins)), certain judges of the Nineteenth Judicial District Court (Joseph Keogh (Judge Keogh), Bob Hester (Judge Hester), Judge McDonald, and Commissioner Morgan), Dr. Rameriz, and Nurse Walker.

The Hultbergs request declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2201. They contend that, although following the procedures set forth in the ARP is a prerequisite to filing a claim in state or federal court, the ARP does not preclude filing a de novo lawsuit after exhausting the ARP's administrative steps. They further contend that the universal interpretation of the ARP as an inmate's "exclusive remedy" for all grievances denies the Hultbergs and all others similarly situated "procedural and substantive due process of law including: (1) adequate access to court; (2) the opportunity to be heard at a meaningful time and in a meaningful matter [sic]; (3) the right to an impartial decision maker; and (4) the right to statutes that are not unconstitutionally vague." The Hultbergs claim that the ARP is unconstitutional on its face and/or as applied, and request a declaration that the ARP is unconstitutional under the United States Constitution and/or that it violates the Louisiana Constitution and laws. Finally, the Hultbergs request that the district court consider, de novo, the merits of their personal injury claims which have been dismissed

5

by the Nineteenth Judicial District Court.

All defendants, except for the WCI and Nurse Walker, moved for dismissal in the district court on various grounds, including (1) lack of subject matter jurisdiction under the Rooker-Feldman doctrine; (2) Eleventh Amendment immunity; (3) failure to state a claim under 42 U.S.C. § 1983; and (4) lack of standing.

On January 28, 1998, the district court found that the Eleventh Amendment bars the Hultbergs' claims against the State of Louisiana, the LDJ, the DPSC, and the defendant state employees and officials, and that it also bars their claims based upon Louisiana law for declaratory and injunctive relief. The district court further found that, under the Rooker-Feldman doctrine, it lacked subject matter jurisdiction to hear the Hultbergs' claims, and that the Hultbergs had failed to state a claim under § 1983. Finally, the district court declined to decide the Hultbergs' declaratory judgment action, refused to allow a trial on the merits of the Hultbergs' negligence claims, and dismissed the claims against the remaining defendants. On February 27, 1998, the Hultbergs filed a timely notice of appeal. The present appeal followed.

## II. DISCUSSION

### A. Abandoned Claims

The Hultbergs do not challenge the district court's determination that their suit against the State of Louisiana, the LDJ and the DPSC should be dismissed because these entities are immune from suit under the Eleventh Amendment and are not

6

"persons" under § 1983. Nor do they contest the district court's conclusion that the WCI lacks the procedural capacity to be sued. An appellant who does not raise and argue an issue in its initial brief on appeal is deemed to have abandoned that issue. See Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994) (citing cases). We therefore affirm the dismissal of these defendants.

As to the state judicial officials, the Hultbergs have abandoned any claims against Judge Foil, Judge Fogg, Judge Hester, Judge Watkins and Judge Keogh by not arguing those claims on appeal.[2] They have similarly abandoned their claims for injunctive relief against the remaining judges, Judge McDonald and Commissioner Morgan, by not contesting the district court's conclusion that their complaint failed to state a § 1983 claim against the judicial defendants because, under § 1983, injunctive relief is inappropriate against judicial officers acting in their judicial capacity unless a declaratory decree was violated or declaratory relief was unavailable.

Finally, the Hultbergs have abandoned their claims for declaratory and injunctive relief under the Louisiana

---

[2] Judge Watkins and Judge Keogh were both deceased at the time that the Hultbergs' complaint was filed seeking declaratory and injunctive relief against them. The only apparent connection between this case and Judges Watkins, Keogh, Foil, Fogg, and Hester is that these judges participated in state court decisions construing the ARP as an inmate's exclusive remedy and upholding the application of the ARP's 30-day peremptive time period. See Blackwell v. Louisiana Dep't of Pub. Safety & Corrections, 690 So. 2d 137 (La. Ct. App. 1997) (Judge Foil and Judge Fogg comprised the 2-member majority affirming the decision of Judge Keogh); Carter v. Lynn, 637 So. 2d 690 (La. Ct. App. 1994) (Judge Fogg and Judge Watkins formed the 2-member majority affirming the decision of Judge Hester).

Constitution and laws by not challenging the district court's conclusion that those claims are barred by the Eleventh Amendment. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984).

Thus, the claims that remain are (1) the claims for declaratory and injunctive relief against Governor Foster, Attorney General Ieyoub, Secretary Stalder, Dr. Rameriz, and Nurse Walker; (2) the claims for declaratory relief against Judge McDonald and Commissioner Morgan; and (3) the claims for damages under Louisiana law based on the alleged medical negligence of Dr. Rameriz and Nurse Walker.

**B.   The Rooker-Feldman Doctrine**

The district court determined that it was without subject matter jurisdiction to consider the Hultbergs' claims under the Rooker-Feldman doctrine.  A district court's dismissal for lack of subject matter jurisdiction is reviewed de novo.  See Home Builders Assoc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998); St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1252 (5th Cir. 1998).

Under the Rooker-Feldman doctrine, the district court may not consider collateral attacks on state court judgments, even if it is alleged that the state court's actions were unconstitutional.  See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); Liedtke v. State Bar, 18 F.3d 315, 317 (5th Cir. 1994).  Nor may a party circumvent this rule by

8

bringing a § 1983 action which alleges that the state court decision caused a deprivation of rights protected by the Constitution.  See Howell v. Supreme Court, 885 F.2d 308, 311 (5th Cir. 1989); Hagerty v. Succession of Clement, 749 F.2d 217, 220 (5th Cir. 1984).  Any constitutional questions that are "inextricably intertwined" with the issues in the state court proceeding must be resolved by the state courts.  Feldman, 460 U.S. at 483-84 n.16; see Liedtke, 18 F.3d at 317.  A litigant aggrieved by an adverse decision of the state courts on a constitutional question has a remedy in the Supreme Court of the United States through a petition for writ of certiorari.  See Liedtke, 18 F.3d at 317; Howell, 885 F.2d at 311.  Even if the constitutional issues are not raised in the state court proceeding, the federal courts still lack jurisdiction to address such questions if they are inextricably intertwined with the state court decision.  See Feldman, 460 U.S. at 484 n.16; Howell, 885 F.2d at 312.

In Feldman, the Supreme Court distinguished between constitutional challenges to state court decisions in particular cases, which are impermissible under Rooker-Feldman, and "general challenges to state bar rules, promulgated by state courts in nonjudicial proceedings, which do not require review of a final state-court judgment in a particular case."  Feldman, 460 U.S. at 486.  Federal courts have jurisdiction to consider these "general constitutional attacks."  Musslewhite v. State Bar, 32 F.3d 942, 946 (5th Cir. 1994); see Feldman, 460 U.S. at 486.  The Hultbergs

9

argue that their suit raises general challenges to the constitutionality of the ARP and thus falls within the <u>Feldman</u> exception.

However, "a general constitutional attack that is nonetheless inextricably intertwined with a state court judgment . . . cannot be properly heard in federal court." <u>Musslewhite</u>, 32 F.3d at 946 (internal quotation marks omitted). A constitutional challenge is "inextricably intertwined" with a state court judgment when the district court, in essence, is asked to review the state court decision, <u>see</u> <u>Ritter v. Ross</u>, 992 F.2d 750, 754 (7th Cir. 1993) (quoting <u>Feldman</u>, 460 U.S. at 483-84 n.16), and the challenge is not "'separable from and collateral to' the merits of the state-court judgment," <u>id.</u> (quoting <u>Pennzoil Co. v. Texaco Inc.</u>, 481 U.S. 1, 21 (1987) (Brennan, J., concurring) (further citation omitted)).

Moreover, "[t]he <u>Feldman</u> exception does not apply when a constitutional claim has already been decided by the state court," because this would run afoul of the principle that district courts may not review final state court judgments in particular cases. <u>Howell</u>, 885 F.2d at 312. In the Louisiana proceeding, the Hultbergs presented the same constitutional challenges to the ARP that they raise here. The decision of the state court, that the Hultbergs' suit should be dismissed because it was not timely filed under the ARP, was an implicit rejection of the Hultbergs' constitutional challenges to that statute. To allow the Hultbergs' claims to proceed in federal court would

10

require the district court to review that determination of the state court. "This the District Court may not do." Feldman, 460 U.S. 462, 484 n.16.[3] The Hultbergs' remedy is to seek review through Louisiana's appellate process and, ultimately, through petition for writ of certiorari to the Supreme Court of the United States.

In sum, we affirm the district court's conclusion that, under the Rooker-Feldman doctrine, it lacked subject matter jurisdiction to entertain the Hultbergs' suit. Because this conclusion is determinative of all the federal claims raised in this appeal, we need not, and will not, consider whether Eleventh Amendment immunity protects the state officials from suit, whether the Hultbergs lack standing, whether the Hultbergs have stated a § 1983 claim, whether Dr. Rameriz is entitled to qualified immunity under § 1983, or whether the district court abused its discretion in refusing to grant declaratory relief. Moreover, pursuant to 28 U.S.C. § 1367(c)(3), the district court was within its discretion in dismissing the Hultbergs' state law medical negligence claims once it dismissed "all claims over

---

[3] Rooker itself, in which the Supreme Court held that federal district courts lack jurisdiction to review state court judgments, involved a challenge to a state court's judgment partly on the ground that the judgment gave effect to an unconstitutional state statute. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 414-15 (1923). That the state court's judgment gives effect to an unconstitutional state statute is the essence of the Hultbergs' challenge here. Alternatively, the Hultbergs seek to set aside the state court's judgment on the ground that it resulted from an unconstitutional application of the ARP "so that they may have their day in court." This clearly asks the federal court to review and overturn a state court judgment.

11

which it ha[d] original jurisdiction."  28 U.S.C. § 1367(c)(3).

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the decision of the district court.